## Green County and Taylor County Turnpike Co. *v.* Patrick Hickey.

**Contracts—Defective Work—Abatement of Price—Jury and Verdict.**

> The verdict was for less than the full contract price for the three miles of road which appellee undertook to build, showing that there was an abatement for defective work, and the court of appeals is not authorized to interfere with the finding of the jury where the evidence is conflicting.

**Appeal and Error—Instructions—Exceptions.**

> No exceptions were taken to the ruling of the court in giving instructions asked for by appellee and refusing the one asked for by appellant, which must be regarded as a waiver of the errors of the court.

APPEAL FROM TAYLOR CIRCUIT COURT.

February 4, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence conduces to the conclusion that the elevations at three or more parts of the road, were greater, according to the terms of the contract, than they should have been, but it also appears that the appellee extended the work several rods further than he contracted to do, and the verdict was for less than the

full contract price for the three miles of road which appellee undertook to build, showing that there was an abatement for defective work, and this court is not authorized to interfere with the finding of the jury in such a case, as there was some conflict in the evidence on the questions submitted to the jury.

No exceptions were taken to the ruling of the court in giving instructions asked for by appellee, and refusing the one asked for by appellant, which must be regarded as a waiver of the errors of the court, if any were committed on that point.

And the judgment must, therefore, be *affirmed*.

*Montague, Howell, for appellants.*

*Kavanaugh, Harrison, for appellee.*